# EXHIBIT 1

## CONFIDENTIAL SETTLEMENT AGREEMENT AND FULL RELEASE

In consideration of the mutual promises contained herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. This Confidential Settlement Agreement and Full Release ("Agreement") is made by and among Carlos Illana Martinez ("Martinez"), FIP Management, LLC ("FIP Management"), Roland Faith ("Roland Faith"), and Roy Faith ("Roy Faith") (FIP Management, Roland Faith, and Roy Faith collectively being "Defendants") (Martinez and Defendants collectively being the "Parties").

2. Martinez represents and agrees that this Agreement was reached through arms-length negotiation in which he was represented at all times by counsel. This Agreement was reached knowingly and voluntarily and that there was no undue influence, overreaching, collusion, or intimidation. Martinez further agrees that this Agreement is in his best interest, and that this Agreement is fair, just, and reasonable.

3. Defendants specifically deny all liability and deny that any wrong doing occurred. Accordingly, the Parties understand and agree that the payment and other matters agreed to herein are not to be construed as an admission of or evidence of liability for any violation of the law, willful or otherwise, by any entity or any person and in no way shall be interpreted to render Martinez as prevailing party under any statute or otherwise. The Parties further understand and agree that neither this Agreement nor any of its terms shall be offered or used as evidence by any of the Parties or their respective attorneys in this Federal Court Action or in any other action or proceeding; provided, however, that nothing contained in this paragraph shall prevent this Agreement from being used, offered, or received in evidence in any proceeding to enforce, construe, or finalize this Agreement.

4. Martinez will be paid the sums listed below in full and final settlement of any and all disputed claims between the Parties, including attorneys' fees and costs:

    a. One check made payable to Martinez in the amount of one thousand two hundred forty dollars and no cents ($1,240.00), representing alleged unpaid wages, subject to an IRS W-2 and withholdings required by law;

    b. One check made payable to Martinez in the amount of one thousand two hundred forty dollars and no cents ($1,240.00), representing alleged liquidated damages, with no tax withholdings and subject to FIP Management receiving an executed IRS Form W-9; and

    c. One check made payable to Remer & Georges-Pierre, PLLC (Fed Tax ID # 36-4623742), in the amount of two thousand five hundred twenty dollars and no cents ($2,520.00), representing alleged attorneys' fees and costs, subject to FIP Management receiving an executed IRS Form W-9.

FIP Management shall pay these monies to Martinez fifteen business days after the Effective Date and the Court approves this Agreement. Martinez agrees to indemnify Defendants and hold them harmless from any interest, taxes, or penalties assessed against Defendants by any



governmental agency as a result of the non-payment of taxes on any amounts paid by way of an IRS Form 1099 to Martinez or his attorneys under the terms of this Agreement. Each party shall bear their own attorneys' fees, expenses, and costs related to the Federal Court Action.

5. Martinez, for himself and his heirs, executors, administrators, successors, personal representatives, or assigns (collectively, "First Party"), does hereby remise, release, acquit, satisfy, and forever discharge FIP Management, Roland Faith, Roy Faith, the owners of properties managed or operated by Defendants, their respective parents, subsidiaries, affiliates, divisions, joint venturers, partners, managers, related corporations, successors, and assigns, and all of their respective shareholders, attorneys, officers, directors, agents, and employees, past and present, whether as individuals or in their official capacity, and all of their heirs, executors, administrators, successors, personal representatives, or assigns (all of which collectively shall hereinafter be referred to as "Second Party"), of and from any claims and all causes of action, contracts, agreements, promises, claims for negligence, defamation, slander, libel, damages, and demands whatsoever, in law or in equity, under state or federal law, including but not limited to all disputes, claims, liens, injuries, and damages, whether known or unknown, including but not limited to those arising under any contract, tort, federal, state, or local right, fair employment practices, civil rights, employee rights, or any other statute, law, ordinance, or regulation, including but not limited to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), or other federal, state, or local wage and hour laws (including but not limited to the Florida Minimum Wage Act), the Florida Civil Rights Act, Chapter 760, Florida Statutes, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Civil Rights Act of 1866, the Americans with Disabilities Act, the Employee Retirement Income Security Act of 1974, the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), the Family and Medical Leave Act, the Equal Pay Act, the Occupational Safety and Health Act, the Worker Adjustment Retraining Notification Act, Fla. Stat. § 440.205 (workers' compensation retaliation), retaliation or whistleblower's claims, any other statute, rule, regulation, local laws, or ordinances, any claim for severance or benefits, and any and all common law claims, including but not limited to any and all claims for physical or emotional distress or injuries, and any and all claims for any and all claims for declaratory or equitable relief, back pay, front pay, overtime pay, any and all claims for compensation, benefits, bonus, commissions, overtime pay, improper or unauthorized wage deductions, monies owed relating to the cost of uniforms or job accessories, unpaid wages, alleged "off the clock" work, alleged "non-tip credit" work or training, liquidated damages, other remuneration, attorneys' fees, costs, or disbursements, or for any other damages, breach of duty, or obligation of any kind or description whether arising in law or equity, which Martinez ever had, now has, or his heirs, executors, administrators, successors, personal representatives, or assigns hereafter can, shall, or may have against Second Party, known, unknown, foreseen, or unforeseen, from the beginning of the world to the date Martinez executes this Agreement. In short, this release paragraph is intended to cover any and all claims that First Party may have against the Second Party with no "carve outs" or exceptions.

6. As part of this Agreement and further in exchange for part of the dollar amount stated in paragraph 4 above, Martinez also waives any rights and claims under 29 U.S.C. §§ 621-634 (Age Discrimination in Employment Act) against Second Party to the Effective Date of this Agreement, as allowed by 29 U.S.C. § 626(f). Martinez states that he understands the meaning of this Agreement and waiver of his rights under the Age Discrimination in Employment Act. Martinez further acknowledges that this waiver of rights is voluntary, and that Martinez knows



that he has up to twenty-one days to consider whether or not to sign this Agreement. If Martinez signs this Agreement, Martinez has seven days to change his mind about signing it and may revoke it. If Martinez changes his mind about entering into this Agreement after signing it, Martinez must revoke it in writing by delivering within seven days a letter to Brian L. Lerner, P.A., Kim Vaughan Lerner LLP, 100 SE Third Avenue, Suite 2001, Fort Lauderdale, Florida 33394, Fax: (954) 527-1116, stating that Martinez has revoked the Agreement. Otherwise, this waiver becomes enforceable following the expiration of this seven-day revocation period (the "Effective Date").

7. Martinez agrees and understands that he may have FLSA or other wage and hour claims against Second Party of which, at the time of the execution of this Agreement, he has no knowledge or suspicion, but agrees and represents that this Agreement extends to all FLSA and wage and hour claims against Second Party, whether or not known, claimed or suspected, by Martinez as of the date of this Agreement. Martinez understands and agrees that the released claims include not only claims presently known to Martinez but also include all unknown or unanticipated claims, rights, demands, actions, obligations, liabilities, and causes of action of any and every kind, nature, and character whatsoever, which would otherwise come within the scope of the released claims.

8. The releases contained in this Agreement are specifically intended to cover but not be limited to all claims that were raised or that could have been raised whether Martinez was aware of them or not brought in the actions styled *Carlos Illana Martinez v. FIP Management, LLC, Roland Faith, and Roy Faith*, Case No. 15-cv-22511, filed in the United States District Court for the Southern District of Florida (the "Federal Court Action"), and *Mr. Carlos Illana Martinez v. FIP Management, LLC*, EEOC Charge No. 510-2016-00068 ("EEOC Proceeding"), filed with the U.S. Equal Employment Opportunity Commission. In exchange for the consideration given, the Parties shall execute and file with the Court in the Federal Court Action a joint motion for approval of the FLSA Agreement and for dismissal with prejudice of the Federal Court Action in the form attached as Exhibit A. Further, in exchange for the consideration given, Martinez shall execute and file with the EEOC in the EEOC Proceeding the Request For Withdrawal Of Charge Of Discrimination in the form attached as Exhibit B, which will dismiss his charge of discrimination with prejudice, and provides proof to Defendants that he has filed the Request For Withdrawal Of Charge Of Discrimination. Defendants shall file the joint motion for approval of the Agreement in the Federal Court Action and Martinez shall file the Request For Withdrawal Of Charge Of Discrimination in the EEOC Proceeding no later than three business days after Defendants receive the executed Agreement.

9. Martinez represents and agrees that upon receipt of the monies identified in paragraph 4 above, he will have been paid in full for all hours he has worked while employed with Second Party. Martinez further represents and agrees that upon receipt of the monies identified in paragraph 4 above, he has been correctly paid and/or has received all compensation and leave, including without limitation, leave (paid or unpaid), compensation, wages, regular/straight pay, overtime pay, bonuses, commissions, monies owed for alleged "off the clock" work, monies owed for alleged uniforms or job accessories costs, monies owed for alleged "non-tip credit" work or training, and/or benefits to which he may have been entitled to and no other compensation or leave, including without limitation, leave (paid or unpaid), compensation, wages, bonuses, commissions, monies owed for alleged "off the clock" work, monies owed for alleged uniforms or



job accessories costs, monies owed for alleged "non-tip credit" work or training, and/or benefits, is due except as provided in this Agreement.

10. Martinez declares and represents that as of the date of the execution of this Agreement, he has suffered no on-the-job or work-related accident or injury, occupational disease or disability whether temporary, permanents, partial, or total. Martinez further represents he has not executed any letter of protection or entered into any other agreement that would obligate Defendants to delivery any proceeds under this Agreement to that individual or entity. Martinez warrants and represents that the proceeds received under this Agreement will be disbursed without being in violation of any letter of protection, lien, or other agreement. Martinez further affirms that, as of the date he executes this Agreement, he is not a Medicare beneficiary and is not seeking medical expenses in connection with his employment with Second Party. Martinez agrees to save harmless and indemnify Second Party of and from any all claims, suits, liens, or expenses arising from the treatment of the medical condition, which may hereafter be presented by anyone for loss and damages or payment for services provided.

11. Martinez agrees not to disclose the facts, amounts, terms, and existence of this Agreement, and will keep such information confidential and will not disclose it to anyone, except in an action to enforce its terms or as otherwise required by law. Martinez further agrees that neither he nor his attorneys have disclosed, or will disclose, directly or indirectly through other persons, to anyone, this Agreement or its terms, except to consult with legal counsel or for tax or accounting consultation or advice or unless required to do so by court order or subpoena. Except as otherwise required by law, Martinez and his attorneys shall not issue any public statements with respect to the Federal Court Action or the settlement, or otherwise publicize the Federal Court Action or the settlement, including but not limited to statements on any website or respond to any inquiries regarding the settlement by the media, other than referring them to the public record without commenting on the content of such public record. In the event Martinez is asked about the litigation by any other person or entity, he may only state, "The Parties reached an amicable resolution of their differences." This paragraph is in no way waived by the filing of the joint motion for approval of the Agreement in the Federal Court Action.

12. In the event that Martinez breaches paragraph 11 of this Agreement, he shall be obligated to pay FIP Management liquidated damages in the amount of one thousand two hundred forty dollars and no cents ($1,240.00), for each specific instance of a breach. The Parties mutually acknowledge and agree that in the event of a breach of paragraph 11 of this Agreement, FIP Management will incur damages in an amount not readily ascertainable with reasonable certainty at the time of this Agreement's execution and that the amount of the liquidated damages agreed upon herein closely approximates the amount the Parties believe in good faith will be necessary to compensate FIP Management in the event of such a breach. The Parties further agree that this provision is a bona fide liquidated damages provision and is not intended to result in a penalty or forfeiture. In addition, it is understood and agreed that in the event of a breach or threatened breach of paragraph 11 of this Agreement, FIP Management will suffer irreparable harm, injury and damage. Accordingly, the Parties agree that in such event, Defendants shall be entitled, without waiving any additional rights or remedies (including liquidated damages) otherwise available to it at law, or in equity, or by statute, to preliminary and permanent injunctive relief in the event of a breach or intended or threatened breach.



13. Martinez agrees to not file, join, or otherwise opt-in to any claims or lawsuits against the Second Party with any court for alleged violations of the Fair Labor Standards Act, the Florida Minimum Wage Act, or any other state or local law relating to the payment of wages, or any other statutory or common law claim arising out of the employment relationship with Defendants. If Martinez proceeds to file, join, or otherwise opt-in to a lawsuit against the Second Party with any court for alleged violations of the Fair Labor Standards Act, the Florida Minimum Wage Act, or any other state or local law relating to the payment of wages, or any other statutory or common law claim arising out of the employment relationship with Second Party, he shall be required, as a condition precedent, to return to Second Party all of the consideration provided for by paragraph 4 above and an additional One Thousand Dollars and No Cents ($1,000.00) as liquidated damages. Any failure by Martinez to comply with this condition precedent in whole or in part shall be Defendants' defense to and mandatory grounds for dismissal of any such claims brought by Martinez, which Martinez stipulates shall be the remedy for such failure. This defense is in addition to any defense that Defendants have in regard to Martinez having waived or otherwise released any such claim as a result of this Agreement. This provision does not prevent Martinez from filing a lawsuit for a breach of this Agreement.

14. Martinez agrees to not make or cause to have made any disparaging or negative remarks about Defendants. With respect to employment references, Martinez shall direct any employment reference to Roland Faith, Tel: (305) 682-4991, who will verify dates of employment, position held, and salary.

15. Martinez agrees that he will not apply for future employment with Defendants or any property owned or operated by Defendants, and that he will not seek or accept employment with Defendants or any property owned or operated by Defendants by any other means or in any capacity, including through a temporary employment agency or in a contractor or subcontractor capacity. Martinez understands and agrees that Defendants will not be obligated to employ Martinez under any circumstances. Defendants agree that should Martinez apply for employment, such application shall not constitute a breach of this Agreement. Rather, the remedy is that Defendants or any of its parents, subsidiaries or affiliates shall have no obligation to hire Martinez or otherwise shall terminate Martinez's employment.

16. The Parties agree that this Agreement sets forth all the promises and agreements between them and supersedes all prior and contemporaneous agreements, understandings, inducements or conditions, expressed or implied, oral or written.

17. Except for Martinez's representations made in paragraphs 2, 5-6, 9-13, and 21 of this Agreement, the Parties understand that the payment and other matters agreed to herein are not to be construed as an admission of or evidence of liability for any violation of the law, willful or otherwise, by any entity or any person. The Parties further agree that neither this Agreement nor any of its terms shall be offered or used as evidence by any of the Parties or their respective attorneys in the Federal Court Action or in any other action or proceeding; provided, however, that nothing contained in this paragraph shall prevent this Agreement from being used, offered, or received in evidence in any proceeding to enforce, construe, or finalize this Agreement.

18. This Agreement shall be governed by and construed in accordance with the laws of the State of Florida and in all respects shall be interpreted, enforced, and governed under the laws



of this State, without regard to any conflict of law. Any dispute over this Agreement shall be resolved in Miami-Dade County, Florida.

19. This Agreement shall be binding upon and shall inure to the benefit of the Parties' representatives, agents, successors, assigns, heirs, attorneys, affiliates, and predecessors.

20. If any party breaches this Agreement, or any dispute arises out of or relating to this Agreement, the prevailing party shall be entitled to attorneys' fees, costs, and such other relief that the court of competent jurisdiction deems appropriate, including all attorneys' fees and costs through any appeal.

21. The Parties acknowledge that they have had the opportunity to freely consult with attorneys of their own choosing and are fully aware of their rights, responsibilities, and the consequences of the execution of this Agreement prior to signing.

22. **WAIVER OF JURY TRIAL.** IN THE EVENT EITHER MARTINEZ, ON THE ONE HAND, OR DEFENDANTS, ON THE OTHER HAND, FILES A LAWSUIT RELATING TO OR ARISING OUT OF THIS AGREEMENT, THE PARTIES AGREE TO WAIVE THEIR RIGHT TO A JURY TRIAL, AND FURTHER AGREE THAT NO DEMAND, REQUEST, OR MOTION WILL BE MADE FOR A JURY TRIAL.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed on the last date set forth below.

CARLOS ILLANA MARTINEZ

_[signature]_

Print Name: Carlos Illana Martinez

Date: 12/17/2015

FIP MANAGEMENT, LLC

By: _[signature]_

Name: Roland Faith

Title: Manager

Date: 12/18/15

ROLAND FAITH

_[signature]_

Print Name: ROLAND FAITH

Date: 12/18/15

ROY FAITH

_[signature]_

Print Name: Roy FAITH

Date: 12/18/15

# EXHIBIT A



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-cv-22511-DPG

CARLOS ILLANA MARTINEZ,

        Plaintiff,

v.

FIP MANAGEMENT, LLC,
ROLAND FAITH, and
ROY FAITH,

        Defendants.
_____/

## JOINT MOTION FOR JUDICIAL APPROVAL OF THE PARTIES' SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE OF THIS ACTION

Plaintiff Carlos Illana Martinez, Defendant FIP Management, LLC, Defendant Roland Faith, and Defendant Roy Faith file their FLSA Settlement Agreement and Release, and respectfully request that the Court approve the parties' agreement and dismiss with prejudice this action. In support of this Motion, the parties' state as follows:

1. Attached as Exhibit 1 is the parties' Confidential Settlement Agreement and Full Release in this matter, which has been properly executed by Plaintiff.

2. This agreement was reached through arms-length negotiation in which Plaintiff was represented by counsel at all times. The agreement was reached knowingly and voluntarily and that there was no undue influence, overreaching, collusion, or intimidation.

3. Given that the parties have reached a fair and reasonable resolution of a bona fide dispute over FLSA provisions as evidenced by the attached agreement, the parties respectfully request that the Court approve the agreement and dismiss with prejudice, all claims and causes of action asserted by Plaintiff.



WHEREFORE, the parties respectfully request that this Court grant this Motion and dismiss the claims of Plaintiff with prejudice.

December 18, 2015                    Respectfully submitted,

---

Anthony M, Georges-Pierre, Esq.
Florida Bar No. 0533637
Rainier Regueiro, Esq.
Florida Bar No. 115578
Anaeli C. Petisco, Esq.
Florida Bar No. 0113376
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street.
Suite 2200
Miami, Florida 33139
Telephone No.: (305) 416-5000
Facsimile No.: (305) 416-5005

ATTORNEYS FOR PLAINTIFF

---

Brian L. Lerner
Florida Bar No. 177202
**KIM VAUGHAN LERNER LLP**
One Financial Plaza
100 SE Third Avenue, Suite 2001
Fort Lauderdale, Florida 33394
Telephone No.: (954) 527-1115
Facsimile No.: (954) 527-1116
Email: blerner@kvllaw.com

ATTORNEYS FOR DEFENDANTS



## **CERTIFICATE OF SERVICE**

I hereby certify that on December __, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that a true and correct copy of the foregoing document was served via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing on all counsel or parties of record on the Service List below.

s/Brian L. Lerner

### **SERVICE LIST**

Brian L. Lerner
blerner@kvllaw.com
Kim Vaughan Lerner LLP
One Financial Plaza
100 SE Third Avenue, Suite 2001
Fort Lauderdale, Florida 33394
Telephone: (954) 527-1115
Facsimile: (954) 527-1116
Attorneys for Defendants

Via Transmission of Notices of Electronic
Filing Generated by CM/ECF

Anthony M. Georges-Pierre
agp@rgpattorneys.com
Rainier Regueiro
rr@rgpattorneys.com
Anaeli C. Petisco
apetisco@rgpattorneys.com
Remer & Georges-Pierre, PLLC
44 West Flagler Street, Suite 2200
Miami, Florida 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005
Attorneys for Plaintiff

Via Transmission of Notices of Electronic
Filing Generated by CM/ECF



# EXHIBIT 1



# EXHIBIT B



## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## REQUEST FOR WITHDRAWAL OF CHARGE OF DISCRIMINATION

**Instructions to the person requesting withdrawal:** You recently indicated a desire to withdraw your charge. In order to begin such action, please furnish the information below and return this form in the enclosed envelope. As a request for withdrawal of charge is subject to the approval of the Commission, your request will be considered and acted upon when received by this office. Please note that at this time the Commission is still prepared to proceed with your case if you so desire.

| CHARGE NUMBER 510-2016-00068 | DATE |
|---|---|
| AGGRIEVED PARTY<br>**MR. CARLOS ILLANA MARTINEZ** | RESPONDENT(S)<br>**FIP MANAGEMENT, LLC** |

### AGGRIEVED PARTY - - COMPLETE INFORMATION BELOW
(Continue on reverse if necessary)

I am aware that the Federal Government protects my right to file a charge and have been advised that it is unlawful for any person covered by the statutes enforced by EEOC to threaten, intimidate, harass or otherwise retaliate against me because I have filed a charge. I have not been coerced into requesting this withdrawal.

I request the withdrawal of my charge because:

the matter has been amicably resolved.

DATE 12/17/2015   SIGNATURE _____   FOR EEOC USE ONLY

SEND TO

Miami District Office
Miami Tower, 100 SE 2nd Street
Suite 1500
Miami, FL 33131

OZZIE L. BLACK
Acting District Director

[ ] Withdrawal with Settlement
[ ] Withdrawal without Settlement
[ ] Approve
[ ] Disapprove

DATE

APPROVING OFFICIAL

EEOC Form 154 (10/94)

